FILED
 2008 Mar-19  AM 09:08
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **JOE L. MASON, JR.**, | ] |
| **Plaintiff,** | ] |
| v. | ] CV-07-BE-2317-S |
| **ZONNIE STUCKEY, JR. et al.**, | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION AND ORDER

This case is before the court on "Motion by Plaintiff to Sever and Remand" (doc. 16). Plaintiff moves to sever and remand the state law claims against the individual defendants, but not his claims under the Truth-In-Lending Act ("TILA") against the mortgagee defendants. Despite a briefing schedule set by the court, no defendant opposed Plaintiff's motion. For the reasons stated below, the court GRANTS Plaintiff's motion and REMANDS the state law claims to state court.

Under 28 U.S.C. § 1441(c), "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." "[A] district court has discretion to remand less than all of the claims in a removed case when the remanded claim(s) are (1) separate and independent; (2) joined with a federal question; (3) otherwise non-removable; and (4) a matter in which state law predominates." *Holtzman v. B/E Aerospace, Inc.*, 2007 WL 3379763, at *2 (S.D. Fla. Nov. 14,

2007) (citing *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 104 (5th Cir.1996)).

This case involves state law claims of ejectment and fraud against the individual defendants, Zonnie Stuckey, Jr., Antonio Williams, and Alecia Jordan, and federal truth-in-lending claims against the mortgagee defendants, Equifirst Corporation, Novastar Mortgage, Inc., Saxon Mortgage Services, Inc., and Structure Mortgage, Inc.  Plaintiff's claims of fraud and ejectment against the individual defendants satisfy two of the criteria for partial remand:  (1) they are joined with a federal question – Plaintiff's TILA claim; and (2) state law predominates.  Also, Plaintiff and all individual defendants are residents of Alabama, and nothing in the complaint indicates that the amount in controversy exceeds $75,000; thus, the state law claims were otherwise unremovable had the TILA claim not been added.

Claims are "separate and independent" where they bear little relationship to one another and do not rely on substantially the same facts.  *Holtzman*, 2007 WL 3379763, at *2.  Claims are <u>not</u> "separate and independent" where they arise from a single wrong and are simply different theories of recovery.  *Id.*  In this case, the claims against the individual defendants and the mortgagee defendants all involve the same two properties purchased by the Plaintiff.  The manner in which the properties are involved, however, are greatly dissimilar.  The claims of fraud and ejectment against the individual defendants involve leases with Plaintiff, improvements, and other promises regarding the properties.  The claims against the mortgagee defendants involve disclosures and representations concerning the mortgage loans used to purchase the properties.  The court concludes that, although the same properties are in some way involved in both groups of claims, the two sets of claims do not arise from a single wrong; the facts necessary to prove liability against the mortgagee defendants overlap very little, if any, with those necessary to prove liability against the individual defendants.  Consequently, the state law

claims against the individual defendants are "separate and independent" from the TILA claims against the mortgagee defendants.

For the reasons stated above, the court, pursuant to 28 U.S.C. § 1447(c), hereby SEVERS and REMANDS Counts One, Two, Three, Four, Five, and Six to the Circuit Court of Jefferson County, Alabama.  The Clerk is DIRECTED to send a certified copy of this order to the Clerk of the Circuit Court of Jefferson County, Alabama, together with a copy of all pleadings and orders filed after the removal.  The court retains jurisdiction over the contents of the Third Amendment to the Complaint against the mortgagee defendants (doc. 1-3), in which Plaintiff did not separately enumerate the counts.

Because all claims agains the individual defendants are hereby remanded, the court DIRECTS the Clerk of Court to "term" from this court's docket the following defendants: Zonnie Stuckey, Jr.; Alecia Jordan; and Antonio Williams.

DONE and ORDERED this 18th day of March, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE